UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CIRCLE Z FABRICATORS, LTD., *et al*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. C-12-190 |
| | § § | |
| HYDRO-X, LLC, *et al*, | § § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Before the Court is a dispute over the removability of the instant state law-based commercial contract and tort case pursuant to this Court's diversity jurisdiction. Stonehenge Capital Company, L.L.C. (Stonehenge) filed its Notice of Removal (D.E. 1), along with a Response (D.E. 17) and Surreply (D.E. 21-1) to Plaintiffs' Motion for Remand. Plaintiffs, Circle Z Fabricators, Ltd. (Circle Z), David Croft (Croft), and Monte Guiles (Guiles) timely filed their 28 U.S.C. § 1447 Motion for Remand (D.E. 5), along with their Reply (D.E. 18) in support of the Motion for Remand. As a preliminary matter, the Court GRANTS Defendant Stonehenge's Opposed Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Remand (D.E. 21) and has fully considered the Surreply (D.E. 21-1). For the reasons set forth below, the Court GRANTS Plaintiffs' Motion for Remand (D.E. 5).

### FACTUAL AND PROCEDURAL HISTORY

The facts and procedural history that supply the basis for Stonehenge's removal are established, in part, in the documents accompanying the removal (D.E. 1). The facts

were further explored in a telephonic hearing precipitated by an opposed motion for limited jurisdictional discovery (D.E. 8). The hearing was conducted on June 28, 2012 and was transcribed (D.E. 15).

This case was filed on March 17, 2011 in the County Court at Law No. 4, Nueces County, Texas as No. 2011-CCV-60602-4, styled Circle Z Fabricators, Ltd. v. Hydro-X, L.L.C. (Hydro-X) and Kelly Clark (Clark). D.E. 1-3, p. 2. Plaintiff, Circle Z alleged a business disparagement claim against Hydro-X and Clark with respect to an attempt by Circle Z to team up with Stonehenge to buy, recapitalize, or otherwise obtain the business of Hydro-X, which was allegedly in financial trouble. According to Circle Z's pleadings, Clark, representing Hydro-X, disparaged Circle Z's financial and litigation status, thus causing Stonehenge and other participants to terminate their involvement in the Hydro-X project.

On or about October 6, 2011, Circle Z filed its second amended petition, adding claims against Stonehenge for breach of contract and fraud. D.E. 1-3, pp. 28-34. At that time, both Plaintiff Circle Z and Defendant Clark were citizens of Texas for diversity purposes. D.E. 1, p. 4. As discovery progressed, Circle Z began to believe that its claims against Stonehenge were getting stronger, while its claims against Hydro-X and Clark were getting weaker. D.E. 15, p. 9. Counsel for Plaintiffs, Lamar Clemons, discussed his impressions with Richard Woolsey, counsel for Defendants Hydro-X and Clark. *Id*.

Clemons indicated to Woolsey that Plaintiffs would entertain the idea of dismissing Hydro-X and Clark if (1) Plaintiffs could get additional discovery from Hydro-X and Clark (documents that had been withheld or redacted) to strengthen the case

against Stonehenge; (2) Plaintiffs could maintain the September 2012 trial date; (3) Clark would be available as a witness against Stonehenge at trial; and (4) Stonehenge would agree not to seek removal or change of venue after Hydro-X and Clark were dismissed, (if, indeed, Stonehenge still had the right to do so more than one year after the case was filed). D.E. 15, pp. 9-11, 13.  With Clemons' approval, Woolsey contacted Stonehenge's counsel, Jeff Horn, to inquire whether Stonehenge would agree to waive removal and change of venue.  Horn responded that he had not reserved any objection to venue, but that he would not agree to waive removal.  D.E. 15, p. 12.

Soon thereafter, on or about May 14, 2012, Circle Z, now joined by Croft and Guiles, filed a third amended petition, dismissing claims against Clark, but adding claims for breach of fiduciary duty against Stonehenge.  D.E. 1-3, pp. 44-52.  It is undisputed that, for diversity purposes, Plaintiffs Circle Z and Croft are citizens of Texas and Plaintiff Guiles is a citizen of Colorado.  Affidavit of Horn, D.E. 1-6, p. 4.  Defendant Hydro-X is a citizen of Colorado and Defendant Stonehenge is a citizen of Ohio and Louisiana.  *Id*.; D.E. 1, p. 5.

Stonehenge filed its Notice of Removal on June 7, 2012 citing diversity jurisdiction despite the fact that Plaintiff Guiles and Defendant Hydro-X are both citizens of Colorado, making them non-diverse.

## DISCUSSION

Stonehenge alleges that this case became removable on May 14, 2012, the date of the filing of the Third Amended Petition, because the "real parties in interest" are citizens

of different states.[1]  D.E. 1, p. 1.  Stonehenge cites "delay and manipulative pleading tactics and misrepresentations of jurisdictional facts" on the part of Plaintiffs.  These allegations relate to Plaintiffs' alleged intention to abandon their claims against Hydro-X pursuant to the discussions among counsel before Plaintiffs filed their Third Amended Petition.  Stonehenge asserts that Hydro-X is improperly joined and that Stonehenge should be granted an equitable exception to the one-year limitation for removal.  Stonehenge further alleges that the consent to removal of Hydro-X is not necessary under these circumstances.

### A. The Burden of Proof is on Stonehenge.

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a).  The removing party—as the party seeking the federal forum—bears the burden of showing that federal jurisdiction exists and that removal was proper.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Removal jurisdiction, as a purely statutory right, must be strictly construed because it "implicates important federalism concerns."  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see also Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Therefore, in evaluating jurisdiction, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of

---

[1] There is no dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs.

remand." *Manguno, supra*; *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B. Whether Hydro-X is Improperly Joined.

There are two general grounds upon which a court can find that a defendant was improperly joined: (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). While Stonehenge's Notice of Removal refers to "manipulative pleading tactics and misrepresentations of jurisdictional facts," Stonehenge has provided no legal or factual arguments that would support a finding of actual fraud, either in its Notice of Removal or Response to Motion for Remand. D.E. 1, 17. Thus, Stonehenge has failed to establish the actual fraud element of improper joinder and relies only upon the suggestion that Plaintiffs lack a viable cause of action against Hydro-X.

### 1. Plaintiffs Have a Viable Cause of Action against Hydro-X

#### a. Plaintiffs Have Stated a Claim Upon Which Relief May Be Granted.

With respect to the second element—whether the plaintiff is able to establish a claim against the non-diverse party—the district court is to inquire as to "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir.

2004) (emphasis added), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). Upon the improper joinder inquiry, the court must resolve all contested issues of fact in favor of the plaintiff. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Id.* at 649.

Stonehenge does not argue that, objectively, Plaintiffs' claims of business disparagement against Hydro-X and Clark are frivolous or barred as a matter of law. If that were the case, Stonehenge would have had to assert its removal within thirty days of being joined in the case, as the claims against Hydro-X and Clark have not materially changed over the course of the lawsuit. *See* 28 U.S.C. § 1446(b)(1).

Instead, Stonehenge argues that, by dismissing Clark as a Defendant, Plaintiffs "admitt[ed] they cannot maintain a cause of action against him." As the argument continues, that dismissal of Clark was also an admission "they cannot maintain a cause of action against Hydro-X, since any liability of Hydro-X must be based on the allegedly disparaging statements made by Clark." Notice of Removal, D.E. 1, p. 6. While this is an interesting syllogism, it is false logic.

The liability for business disparagement can be assessed against the individual speaker, against the company the speaker properly represents by vicarious liability, or against both the speaker and the company. *E.g., Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 427 (Tex. App.—Waco 1997, pet. denied); *Dwyer v. Sabine Mining Co.*, 890 S.W.2d 140, 143-44 (Tex. App.—Texarkana 1994, writ denied). Stonehenge has not cited any authority for the proposition that voluntary dismissal of a claim against the

speaker, Clark, automatically means that the claim had no viability against Clark or Hydro-X.

Stonehenge asks this Court to take counsel's suggestion—that he assessed the claims against Clark and Hydro-X as weakening while those against Stonehenge were strengthening—as an admission that the former claims were entirely lacking in merit. There is no evidentiary or logical basis for the Court to jump to that conclusion. It appears to this Court that the decision to dismiss Clark was a strategic one that cannot be translated into a decision on the merits of the claims as this Court must view them. D.E. 15.

### b. Plaintiffs Have Not Abandoned Their Claim Against Hydro-X.

It is true that a plaintiff's abandonment of a claim can make a case that was previously non-diverse into a removable case under diversity jurisdiction. While cases reach varied results, they recite the same rule. To find that a claim has been abandoned, the plaintiff must have taken voluntary, definitive, and unequivocal action to terminate, release, or settle the claim. *Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 240, 62 L.Ed. 713 (1918); *Southern Pacific Co. v. Haight*, 126 F.2d 900 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942); *Franz v. Wyeth*, 431 F.Supp.2d 688 (S.D. Tex. 2004).

For instance, announcing "ready" when the case is called for trial without ever having served the non-diverse defendants is a definitive abandonment of the claims against those unserved defendants. *Southern Pacific Co., supra*. However, asking for a trial setting that is still one and one-half months away without serving non-diverse

defendants is not considered sufficiently definitive to constitute an abandonment. *In re Diet Drugs; Bellah v. American Home Products Corp.*, No. 98-20560, 1999 WL 106887 at *2-3 (E.D. Pa. March 2, 1999) (unpublished). *See also*, *Bourque v. Nan Ya Plastics Corp.*, 906 F.Supp. 348, 352 (M.D. La. 1995); *Aydell v. Sterns*, 677 F.Supp. 877, 880 (M.D.La. 1988); *Stamm v. American Tel. & Tel. Co.*, 129 F.Supp. 719, 721 (D.C. Mo. 1955).

Likewise, when the plaintiffs, themselves unanimously testify in deposition that they have no claim against a certain defendant (and offer no expert testimony otherwise) or when counsel's closing argument irretractably and unequivocally asks the jury not to return a verdict against one of the individual parties, the plaintiffs have abandoned the claim. *Ramirez v. Michelin North America, Inc.*, 2007 WL 2126635 (S.D. Tex. July 19, 2007) (not published); *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 334 (D. S.C. 1979). However, a closing argument emphasizing a desire for a verdict against one defendant over another (when findings against either or both are possible) is not enough to abandon the claim against the less desirable judgment debtor. *Aynesworth v. Beech Aircraft Corporation*, 604 F.Supp. 630 (W.D. Tex. 1985). Furthermore, suggesting that the non-diverse defendants (product dealers) are not necessary for a finding of liability against the diverse defendant (product manufacturer) is not an abandonment of the claims against the non-diverse defendants. *Naef v. Masonite Corp.*, 923 F.Supp. 1504, 1510 (S.D. Ala. 1996).

Of course, voluntarily agreeing to settle a claim against a defendant, which agreement involves the release of the defendant from any determination of liability or

collectability of judgment, is an abandonment of the claim for removal purposes whether or not the settlement, while executed, has been fully performed.  *See generally*, *Erdey v. American Honda Co., Inc*., 96 F.R.D. 593, 599 (M.D. La. 1983); *DiNatale v. Subaru of America*, 624 F.Supp. 340 (E.D. Mich. 1985) (settling, but trying to keep the party as a nominal party in the lawsuit); *Rawlings v. Prater*, 981 F.Supp. 988, 990 (S.D. Miss. 1997).

In this vein, Stonehenge relies heavily on *Franz v. Wyeth*, 431 F.Supp.2d 688 (S.D. Tex. 2004).  In that case, a proposed settlement agreement was held to constitute an abandonment of claims against the non-diverse defendant that was the subject of the proposal:

> Defendants became aware that this case was removable on January 12, 2004, only after receiving a copy of the *proposed* Rule 11 agreement.  The Rule 11 agreement was prepared by Plaintiffs' counsel and proposed to dismiss both Drs. Boone and Mont if all Parties agreed not to remove the case, not to seek a change of venue, that the agreement would be inadmissible, that no party would argue that the doctors were negligent, and that no Party would mention the existence of the Rule 11 agreement.  Defendant argues, and the Court agrees, that the *proposed* agreement proves that Plaintiffs have, at least as of now, no good-faith intention of pursuing the claims against the non-diverse Defendants. Since Plaintiffs have no intention to pursue a claim against the doctors, their further inclusion in the case is improper, and they can now be considered fraudulently joined.

*Franz, supra* at 690 (emphasis added).

However, in order to be a voluntary, unequivocal, and definitive abandonment of a claim, any such agreement must be signed and executed.  Tex. R. Civ. P. 11.  A proposal, alone, implies an unrealized contingency in favor of the plaintiff which, until realized,

allows for the withdrawal of the offer.  *E.g., Rowson v. Fuller,* 230 S.W.2d 355, 358 (Tex. Civ. App.—Dallas 1950, writ ref'd n.r.e.).  So long as there is no voluntary, unequivocal, and definitive abandonment of the claim against the non-diverse defendant, this Court does not have jurisdiction under the line of cases discussed above and removal is not permitted under the abandonment theory.  28 U.S.C. §§ 1332(a), 1441(b).

This case is distinguishable from *Franz* in that (1) no proposed settlement was ever put in writing; (2) the Plaintiffs' demands in this case exceed those in *Franz* in that additional discovery and trial witness cooperation was required; and (3) the terms were clearly rejected by Stonehenge and the subsequent pleading amendment retained the claims against non-diverse Hydro-X.  Clearly, Plaintiffs believe that their claims against Hydro-X have value.  It is not for this Court to enforce an agreement that never was executed or to punish the Plaintiffs for floating an idea for the partial resolution of their claims.  To do so would be contrary to public policy favoring voluntary settlements.  *E.g.*, *Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

### c. No Collectibility of Judgment Against Hydro-X

Stonehenge further argues that Hydro-X is a defunct Colorado company from which no judgment is collectible.  D.E. 1, p. 10.  According to Horn's affidavit and its exhibits, Hydro-X's charter was forfeited May 21, 2010 pursuant to a notice that existed in the permanent records of the Secretary of State of Texas from and after that date.  Furthermore, in a deposition taken April 18, 2012, Clark revealed that Hydro-X's assets were transferred to a new entity, H2X, LLC, in or around September 2011.  D.E. 1-6, pp. 6, 43-48.

If this alleged judgment-proof status of Hydro-X were the basis for finding that the claim against Hydro-X is not to be included in the diversity analysis, then Stonehenge clearly failed to remove within thirty days of the date that the information came into its possession. 28 U.S.C. § 1446(b)(3). Using the later date of April 18, 2012, Stonehenge did not remove until 50 days after that information was imparted. Without addressing whether judgment-proof status is a basis for disregarding a non-diverse defendant, the Court rejects any removal on this basis as untimely.

### 2. Improper Joinder of Causes of Action Against Stonehenge and Hydro-X

Stonehenge has argued that the claims against Hydro-X have no connection to the claims against Stonehenge, making them improperly joined in one action. D.E. 1, pp. 10-11. Pursuant to Fed. R. Civ. P. 20(a)(2), defendants may be joined in a single action if any right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action. The claims against Hydro-X and Stonehenge involve the same series of transactions by which Circle Z, with the help of Stonehenge, sought to obtain Hydro-X by purchase, merger, or recapitalization. There can be no serious debate whether there are common issues of law and fact that will arise as to the claims against each Defendant in this business deal gone bad.

### C. One-Year Limitation on Removal

Assuming that it has a good basis for removal, Stonehenge has sought relief from the one-year limitation on removal by requesting a finding that the equitable exception applies or that the amendment of the claim created what is essentially a new lawsuit,

eliminating the one-year limitation (until May 14, 2013). Because the Court finds that Defendant Stonehenge has not demonstrated a proper basis for removal, the Court does not need to reach these arguments and they are moot.

### D. Consent of Defendant Hydro-X

Again, assuming that it had a good basis for removal, Stonehenge argues that it did not need to obtain the consent of co-defendant Hydro-X under the circumstances. Because the Court finds that Defendant Stonehenge has not demonstrated a proper basis for removal, the Court does not need to reach this issue and it is moot.

## CONCLUSION

For the reasons set out above, the Court GRANTS Defendant Stonehenge's Opposed Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Remand (D.E. 21) and GRANTS Plaintiffs' Motion for Remand (D.E. 5). This action is remanded to the County Court at Law No. 4, Nueces County, Texas.

ORDERED this 8th day of August, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE